**Kelly T. WEBB, Plaintiff–Appellant,**

v.

**Charlton R. DEVAULT, Jr.; United States of America; Citizens Bank & Trust Company; Anthony J. Principi, Secretary of Veterans Affairs, Defendants–Appellees.**

No. 03–5322.

United States Court of Appeals,
Sixth Circuit.

Nov. 3, 2003.

Kelly T. Webb, pro se, Johnson City, TN, for Plaintiff–Appellant.

Charlton R. DeVault, Jr., pro se, Kingsport, TN, for Defendant–Appellee.

Elizabeth S. Tonkin, U.S. Attorney's Office, Knoxville, TN, Douglas L. Payne, Greeneville, TN, for Defendants–Appellees.

Before: BATCHELDER and COLE, Circuit Judges; and HOOD, District Judge.*

*ORDER*

Kelly T. Webb, a Tennessee resident proceeding pro se, appeals the summary judgment for the defendants in this action for breach of contract, breach of a settlement agreement, conversion and legal malpractice. This action originated in the Circuit Court for Carter County, Tennessee, but was removed to the United States District Court for the Eastern District of Tennessee pursuant to 28 U.S.C. § 1442.

Webb, represented by attorney Charlton R. DeVault, Jr., brought an action under the Family and Medical Leave Act ("FMLA") against Webb's former employer, the United States Department of Veterans Affairs ("the VA") at Mountain Home, Tennessee. The matter was settled and a check for Webb's back wages was issued payable jointly to DeVault and to Webb. A separate check in the amount of $20,421.00 was issued payable to DeVault alone for costs and attorney fees. The jointly payable settlement check was deposited into DeVault's escrow account without Webb's endorsement. DeVault then gave Webb a detailed accounting sheet and a check drawn on the escrow account. The attorney fee withheld from this check was the originally-agreed upon one-third contingency fee less the amount in fees and costs recovered from the VA. In this lawsuit, Webb claims that, because, as part of the settlement, the Veterans Administration paid DeVault an attorney fee, he should not have had to pay any fee out of his settlement. He suggests that DeVault stole his money by improperly depositing a check issued to both of them into his account and then disbursing to him less than the full amount. Citizens Bank is being sued for having allowed DeVault to deposit the jointly payable check into his escrow account without Webb's endorsement.

Webb contends that, pursuant to his settlement agreement, he was to have received back pay in the amount of $111,556.00, less standard deductions for

---

* The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

Medicare, FICA, IRS, Civil Service and Thrift Savings; that the VA (not he) was to have paid his attorney fee; that the VA was to have restored 4.5 years of creditable service to his federal service retirement, sick leave and annual leave purposes; that it was to have restored 448 accrued sick leave hours; that the VA was to have made the employer contributions to his Thrift Savings Plan ("TSP") (in the amount of $5,284.00); and the VA was to have reinstated him to a full time position at the GS–4/Step 6 level. In this lawsuit, he claims he did not get all the money that was due him; that he never received any proof that the Medicare, FICA, and IRS payments were made to these agencies; that he has not been advised that he was given the 4.5 years of service credit; and that the job the VA tried to give him would have unfairly put him back into a hostile working environment. He claims to have learned that the VA had no intention of reinstating him on a permanent basis and had planned to make his life a "living hell." He also claims that in a W–2 statement, the government wrongfully listed as income taxable to him, the amount of his settlement agreement which attorney De-Vault withheld as attorney fees.

The federal defendants filed motions for summary judgment. The district court granted summary judgment for the federal defendants and dismissed the claims against Citizen's Bank for failure to state a claim upon which relief may be granted. This appeal followed.

Initially, we note that Webb has waived appellate review of the claims raised in his complaint because his appellate brief does not contain any argument as to why the district court's disposition of such claims was improper. The failure to present an argument in an appellate brief waives appellate review. *Buziashvili v. Inman,* 106 F.3d 709, 719 (6th Cir.1997); *Kocsis v.*

*Multi–Care Mgmt., Inc.,* 97 F.3d 876, 881 (6th Cir.1996).

Nevertheless, upon review of the district court's judgment, we conclude that summary judgment was proper for the reasons stated by the district court as there exists no issue of material fact and the defendants are entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c).

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.